77 F.3d 493
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Susan RADECKI, Individually and as Personal Representative
of the Estate of Chester A. Radecki, DECEASED;
Kristin Radecki; Kerry Radecki; Renee
Radecki; Robert Radecki,
Plaintiffs-Appellees,
v.
Ron BARELA, Personally and in his official capacity; Benjie
Montano, Personally and in his Official Capacity,
Defendants-Appellants.
 No. 94-2185.
 United States Court of Appeals, Tenth Circuit.
 Feb. 16, 1996.
 ORDER AND JUDGMENT[1]
 
 1
 Defendant Ron Barela appeals the district court's denial of his motion for summary judgment based on qualified immunity. We exercise jurisdiction pursuant to 28 U.S.C. 1291 and remand to the district court for further proceedings.
 
 
 2
 The record before us reveals the following facts. At approximately 3:00 a.m. on the morning of August 8, 1992, Chester Radecki awoke to the sound of a woman screaming outside his bedroom window in Santa Fe, New Mexico. Mr. Radecki looked out the window and heard more screaming and the sound of someone walking around outside. Shortly thereafter, a law enforcement vehicle arrived nearby with its lights flashing. Mr. Radecki left his home, got in his car, and drove to the scene.
 
 
 3
 Defendant Barela, a deputy sheriff with the Santa Fe County, New Mexico, Sheriff's Department, arrived on the scene. A motorcycle lay on the side of the road. Eric Trujillo drove up in a tow truck. Defendant Barela detected a man in the bushes, and with his flashlight recognized him as Daniel Martinez. Mr. Martinez staggered out of the bushes.
 
 
 4
 Mr. Martinez, who appeared intoxicated, told Defendant Barela and Mr. Trujillo that his girlfriend had run him off the road, causing him to wreck. Defendant Barela began to look around the area for other vehicles or injured persons.
 
 
 5
 Mr. Radecki arrived in a robe carrying a flashlight. Mr. Radecki told Defendant Barela that he lived nearby, and that he heard screams, as if a woman was being raped. Defendant Barela and Mr. Radecki explored the scene with their flashlights.
 
 
 6
 When Defendant Barela shined his flashlight on a car in the bushes, Mr. Martinez tried to grab the officer's nine millimeter semiautomatic pistol. The two men wrestled for control of the gun. Defendant Barela yelled to Mr. Radecki, "Hit him with your flashlight. Hit him. Get him off me."
 
 
 7
 It is unclear whether Mr. Radecki hit Mr. Martinez with his flashlight. In response to Defendant Barela's words, however, Mr. Radecki approached the struggling pair. At that point, Mr. Martinez wrested the gun away from Defendant Barela. Defendant Barela fled to the bushes. Mr. Martinez turned and shot Mr. Radecki in the chest, killing him.
 
 
 8
 Plaintiff Susan Radecki, appearing as personal representative of the estate of Mr. Radecki, filed this action in the district court against Defendant Barela under 42 U.S.C.1983. Plaintiff alleged, inter alia, that Defendant Barela violated Mr. Radecki's Fourteenth Amendment right to substantive due process by recklessly creating the dangerous situation that culminated in Mr. Radecki's death. Specifically, Plaintiff alleged that Defendant Barela violated Mr. Radecki's substantive due process rights by increasing Mr. Radecki's vulnerability to harm by a third party when Defendant Barela ordered Mr. Radecki to intervene in the struggle over the gun, surrendered the weapon to Mr. Martinez, and hid in the bushes when Mr. Martinez gained control of the weapon.
 
 
 9
 Defendant Barela moved for summary judgment based on qualified immunity. After a hearing, the district court denied Defendant Barela's motion for summary judgment. This appeal followed.
 
 
 10
 Defendant Barela asserts the district court erred in denying his motion for summary judgment based on qualified immunity. Defendant Barela contends that Plaintiff failed to allege conduct that demonstrates he acted with the requisite reckless intent to violate Mr. Radecki's substantive due process rights by creating a dangerous situation wherein Mr. Martinez injured Mr. Radecki.[2]
 
 
 11
 "Qualified immunity protects public officials from individual liability in a 1983 action unless the officials violated 'clearly established ... constitutional rights of which a reasonable person would have known.' " Workman v. Jordan, 32 F.3d 475, 478 (10th Cir.1994) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). The plaintiff initially bears a heavy two-part burden when the defendant pleads the defense of qualified immunity. Albright v. Rodriguez, 51 F.3d 1531, 1534 (10th Cir.1995). The plaintiff must show (1) "that the defendant's actions violated a constitutional or statutory right," and (2) that the right "allegedly violated [was] clearly established at the time of the conduct at issue." Id. We review the district court's qualified immunity determination at the summary judgment stage de novo, viewing the evidence in the light most favorable to the nonmoving party. Romero v. Fay, 45 F.3d 1472, 1475 (1995).
 
 
 12
 The district court analyzed Plaintiff's claim that Defendant Barela violated Mr. Radecki's Fourteenth Amendment substantive due process rights under Medina v. City and County of Denver, 960 F.2d 1493 (10th Cir.1992). In Medina, we ruled that a state actor may be liable under 1983 for violating an individual's substantive due process rights if the state actor recklessly creates a danger that culminates in injury to the individual, although a third party, and not the state actor, actually inflicts the harm upon the individual. See id. at 1495-96. In so doing we recognized a "danger creation theory" exception to the rule that the Due Process Clause of the Fourteenth Amendment was intended "to protect people from the State, not to ensure that the State protected them from each other." DeShaney v. Winnebago County Dept. of Social Servs., 489 U.S. 189, 196 (1989). A state is liable under 1983 and the "danger creation theory," however, only if the state actor recklessly created the danger that caused the constitutional violation and the state actor directed his or her conduct toward the plaintiff. Medina, 960 F.2d at 1496. In Medina, we determined:
 
 
 13
 that reckless conduct can be considered directed toward the plaintiff if (1) the plaintiff is a member of a limited and specifically definable group, (2) the defendant's conduct specifically put the members of that group at substantial risk of serious, immediate, and proximate harm, (3) the risk was obvious or known, and (4) the defendant acted recklessly in conscious disregard of that risk.
 
 
 14
 Id.
 
 
 15
 Applying Medina, the district court in the instant case ruled that Plaintiff alleged facts that demonstrated that Defendant Barela acted with the reckless conduct necessary to violate Mr. Radecki's substantive due process rights under the "danger creation theory." The district court determined that by ordering Mr. Radecki to hit Mr. Martinez with his flashlight, Defendant Barela acted recklessly and in conscious and unreasonable disregard of the consequences of his act, thereby creating the danger that harmed Mr. Radecki. Thus, the district court ruled that Plaintiff alleged conduct that amounted to a constitutional violation under Medina.
 
 
 16
 While this appeal was pending, however, we ruled in Uhlrig v. Harder, 64 F.3d 567 (10th Cir.1995) that to prevail on a substantive due process claim, a plaintiff "must demonstrate that the state acted in a manner that 'shocks the conscience.' " Id. at 571 (quoting Collins v. City of Harker Heights, Tex., 503 U.S. 115, 126 (1992) (quotation and alteration omitted)). In Uhlrig, we attempted to define conduct which "shocks the conscience:"
 
 
 17
 [T]o satisfy the "shock the conscience" standard, a plaintiff must do more than show that the government actor intentionally or recklessly caused injury to the plaintiff by abusing or misusing government power. That is, the plaintiff must demonstrate a degree of outrageousness and a magnitude of potential or actual harm that is truly conscience shocking.
 
 
 18
 Uhlrig, 64 F.3d at 574.
 
 
 19
 Merging Medina with the "shocks the conscience" standard, we held in Uhlrig that in order for a state to be held liable under 1983 for creating a danger where someone other than a state actor injures the plaintiff, the plaintiff must demonstrate that:
 
 
 20
 (1)the plaintiff was a member of a limited and a specifically definable group;
 
 
 21
 (2)the defendant's conduct put the plaintiff and other members of that group at substantial risk of serious, immediate and proximate harm;
 
 
 22
 (3)the risk was obvious or known;
 
 
 23
 (4)the defendant acted recklessly in conscious disregard of that risk; and
 
 
 24
 (5)such conduct, when viewed in total, is conscience shocking.
 
 
 25
 Id. at 574.
 
 
 26
 The district court denied Defendant Barela's motion for summary judgment based on qualified immunity on August 2, 1994. Uhlrig became the law of this circuit on August 30, 1995. The district court, therefore, did not have the benefit of Uhlrig when it analyzed Defendant Barela's motion for summary judgment. More specifically, the district court did not determine whether Plaintiff alleged conduct which "shocks the conscience" in support of Plaintiff's claim that Defendant Barela violated Mr. Radecki's substantive due process rights by creating the danger which led to his death. Nor have the parties briefed Uhlrig or the "shocks the conscience" standard as applied to the facts of the instant case. We think it prudent in light of the fact-specific qualified immunity inquiry and the unique facts of this case to remand this case to the district court to apply Uhlrig. Consequently, we REMAND to the district court with instructions to: (1) VACATE its order denying Defendant Barela qualified immunity, and (2) consider whether Plaintiff Radecki has alleged conduct or presented genuine issues of material fact as to conduct constituting a constitutional violation under Uhlrig. On remand, the parties are entitled to supplement the record with material bearing on the issue of whether Defendant Barela's alleged conduct "shocks the conscience" of the court. Entered for the Court
 
 Bobby R. Baldock
 Circuit Judge
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3
 
 
 [2]
 Defendant Barela also argues the district court erred in denying him qualified immunity because: (1) the law was not clearly established that he could be liable under 1983 to Mr. Radecki for acts of a third party, and (2) DeShaney v. Winnebago County Dept. of Social Servs., 489 U.S. 189 (1989) bars Plaintiff's suit. We express no opinion regarding these arguments in light of our decision to remand for the district court to consider Defendant Barela's motion for summary judgment based on qualified immunity under Uhlrig v. Harder, 64 F.3d 567 (10th Cir.1995)